IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAM DEWAYNE OWENS | § | |
| VS. | § | CIVIL ACTION NO. 5:14-CV-165 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner William DeWayne Owens, a prisoner confined at the Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending that the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. The petitioner filed objections to the Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner states that he is abandoning his other claims and only pursuing his claim that

the prosecution violated *Brady v. Maryland* by failing to disclose a police report from a different criminal investigation concerning allegations of sexual abuse that the victim in this case made against another individual. To prevail on a *Brady* claim, the petitioner must prove that the prosecution suppressed evidence that is materially favorable to the accused because it is exculpatory or impeaching. *Stickler v. Greene*, 527 U.S. 263, 281-82 (1999). On state habeas review, the trial court found that the prosecutor did not have a duty under *Brady* to disclose the police report because it was not material. The petitioner has not met his burden of proving that the state court's rejection of this claim was contrary to, or involved an unreasonable application of, clearly established federal law.

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the

denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### ORDER

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 25th day of March, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE